UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10644-RGS

ILYA LIVIZ,

v.

CHIEF JUSTICE RALPH D. GANTS

MEMORANDUM AND ORDER

April 8, 2019

STEARNS, D.J.

For the reasons set forth below, the Court grants the motion for leave to proceed in forma pauperis, denies the emergency motion and dismisses this action under the Younger doctrine and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Plaintiff is an attorney seeking to challenge a state court order of administrative suspension from the practice of law. Now before the Court are Plaintiff's complaint, amended complaint, motion for leave to proceed in forma pauperis and emergency motion for temporary stay of administrative suspension. See Docket Nos. 1-3, 6.

Plaintiff brings this action against the Chief Justice of the Massachusetts Supreme Judicial Court. See Amended Complaint ("Am.

Compl."), Docket No. 6. Plaintiff alleges that the defendant judge deprived plaintiff of "a property right without complying with [Liviz'] request for a jury trial in violation of 42 U.S.C. 1983 Civil Rights Act by depriving Ilya Liviz ("Liviz") pursuant to First, Fourth, Fifth, Sixth, Eight[h], Ninth, & Fourteenth Amendments, Due Process right to access to a court of law." Id. at ¶ 2. Plaintiff alleges that "Bar Counsel filed her Petition for Administrative Suspension" on April 1, 2019. Id. at ¶ 7. The same day, Liviz filed three motions; several seeking to challenge the Petition. Id. at ¶ 10. The following day, on April 2, 2019, Chief Justice Gants issued an "Order of Immediate Administrative Suspension." Id. at ¶ 13.

Plaintiff contends that Chief Justice Gants should have recused himself due to a conflict of interest, id. at p. 20, and that "Bar Counsel has harassed [Liviz] before, and was harassing [Liviz] again." Id. at ¶ 22. Liviz states that the sole allegation submitted by Bar Counsel in support of the petition for administrative suspension is that Liviz failed "to comply with Bar Counsel requests." Id. at ¶ 21. Liviz asserts that he has a right to trial and a "right to remain silent." Id. Liviz states that he "did not violate any laws" and that his "rights are being blatantly violated." Id. at ¶ 24. Liviz seeks to have this Court issue "a temporary *ex parte* TRO stay of the administrative suspension" so that he can continue to practice law. Id. at ¶ 23.

## IN FORMA PAUPERIS

Upon review of Liviz' motion for leave to proceed in forma pauperis, the Court concludes that he is without income or assets to pay the $400.00 filing and administrative fees. The motion therefore is granted.

## SCREENING

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," among other things, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## DISCUSSION

As an initial matter, the federal Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from granting an injunction to stay proceedings in a state court except in very limited circumstances, none of which apply here.

Next, the Court finds that Liviz' challenge to the Massachusetts state court order is precluded under the Younger abstention doctrine. The Younger doctrine is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings. See generally Younger v. Harris, 401 U.S. 37, 43-45 (1971). A federal court must abstain from reaching the merits of a case over which it has jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007). Younger abstention may be avoided upon a showing of "bad faith, harassment, or some other extraordinary

circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

Here, Younger abstention applies because (1) the state legal proceedings were underway when Liviz filed this lawsuit,[1] (2) important state interests are at stake, and (3) Liviz has the right to avail himself of the opportunity to seek review by the full Supreme Judicial Court. The allegations of harassment do not overcome this Court's finding that abstention is appropriate here. Thus, Liviz' request for this federal court to interfere with the pending state court proceeding warrants Younger abstention.

Alternatively, to the extent Liviz seeks to challenge an unfavorable state court decision, the Rooker-Feldman doctrine deprives this court of subject matter jurisdiction. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). "Under the Rooker-Feldman doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)). Constitutional claims raised pursuant to § 1983 that collaterally attack a state court judgment will not give

---

[1] Attorney disciplinary proceedings implicate important state interests. Middlesex Cnty. Ethics Comm., 457 U.S. at 434.

federal district courts subject matter jurisdiction, if the § 1983 claims are "inextricably intertwined" with the state court judgment. See Feldman, 460 U.S. at 482–83 n. 16. ("If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state-court decision"); see also Abrahams v. Appellate Div., 311 Fed. App'x 474 475 (2d Cir. 2009) ("A challenge to a state judge's exercise of jurisdiction to suspend an attorney from practice is, in effect, a request to review the state court's judgment suspending the attorney from practice, which is precluded by the Rooker-Feldman doctrine.").

ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) The motion for leave to proceed in forma pauperis is GRANTED;

(2) The emergency motion is DENIED;

(3) This action is DISMISSED under the Younger doctrine and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(4) The Clerk shall enter a separate order of dismissal.

SO ORDERED.

 /s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE